IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCUS LAQUEZ LESTER                                                PLAINTIFF

v.                                                          No. 4:14CV3-GHD-DAS

EARNEST LEE, ET AL.                                                DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Marcus Lester, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Lester claims that the defendants deprived him of his property without due process of law.

This case was initially dismissed because it appeared that Lester had forged the signature of a Mississippi Department of Corrections official on his inmate account form. The court issued a Show Cause Order requiring Lester to explain the dubious signature on the form or the case would be dismissed. The deadline for Lester to respond expired, and the court dismissed the case. Lester then filed a motion [7] to permit a response to the Show Cause Order, arguing that he did not receive the order until after the deadline expired. His belated response to the Show Cause Order included a proper inmate account form dated approximately the same time as the dubious one. The court will, therefore, grant the motion to permit response, rescind its previous order dismissing case, reinstate the case, and dismiss the case on the merits for failure to state a claim upon which relief could be granted.

### Factual Allegations

On April 12, 2013, Marcus Lester was transferred to Administrative Segregation. Correctional Officer J. Flowers confiscated various items of Marcus L. Lester's property because he was not permitted to have the property during his stay in segregation. The officer told Lester that he would get

his property back when he was released from segregation. The property in question was a pair of shoes, a set of headphones, a combination lock, a Sony radio with batteries, and a pack of batteries. Flowers filled out a property slip verifying that the items had been confiscated. The items were sent to the Unit 29 property room, where Officers R. Jackson and M. Hemphill destroyed them. Lester filed a grievance, and the Second Step Response read, in pertinent part, "The Mississippi Department of Corrections S.O.P. Number 21.03.02 (Offender Property, Inventory, Storage, and Disposal) states that when property is confiscated, the Offender has fourteen (14) days to have the property sent home, at the Offender's expense. Your destroy date was April 26, 2013." The response to the grievance relied on that policy to deny Lester's claim for replacement or compensation.

## Taking of Property Without Due Process of Law

The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part by* Daniels v. Williams, 474 U.S. 327, 330–31 (1986). This rule, the Paratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson,* 486 U.S. at 533, *Daniels,* 474 U.S. at 330–31; *White v. Epps,* 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> ...
>> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this *statute* would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the *Constitution* of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston aw Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated *Johnson's* drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id.* The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id.* The Mississippi Court of Appeals held

that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id.* Those facts mirror the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his federal claims for the taking of his property without due process of law must be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 3rd day of June, 2014.

/s/ *signature*
_____
SENIOR JUDGE